43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Gene BROOKS, Defendant-Appellant.
 No. 93-6543.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: MERRITT, Chief Judge, NELSON and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant, Gilbert Gene Brooks, received consecutive prison sentences of 125 months and 40 months upon his guilty pleas to charges of possession with intent to distribute five grams of cocaine base and carrying and using a firearm in the commission of a drug trafficking offense, respectively. The district court also ordered Brooks to serve four years on supervised release following incarceration and to pay a $100 special assessment. In this appeal, Brooks contends only that the district judge erred during sentencing by initially increasing his base offense level for obstruction of justice. This issue has, however, been rendered moot by the finding of the district court that Brooks is a career offender. The judgment of the district court must, therefore, be affirmed.
 
 
 2
 Pursuant to the provisions of U.S.S.G. Sec. 2D1.1(c)(7), a defendant convicted of possession of 5-20 grams of cocaine base with intent to distribute is subject to sentencing at a base offense level of 26. In this case, the district court initially increased that base level by two points because of its finding that Brooks obstructed justice by lying to the probation officer while responding to inquiries about prior and present drug use. See U.S.S.G. Sec. 3C1.1. Brooks now insists that such an increase was unjustified because he did not obstruct justice but, rather, immediately wrote a letter to the probation officer admitting the falsity of the information given to her for preparation of the presentence investigation report.
 
 
 3
 The issue of whether the district court properly increased the defendant's offense level to 28 as a result of the alleged obstruction of justice has, however, been rendered moot. After examining Brooks's past criminal record, the court found that the defendant was more than 18 years of age at the time he committed the present offense and that he had two prior convictions for drug trafficking offenses. Consequently, upon conviction for the present controlled substance offense, Brooks was subject to be sentenced as a career offender. U.S.S.G. Sec. 4B1.1. Because the maximum statutory penalty provided for the drug offense to which the defendant pleaded guilty is 40 years imprisonment, 21 U.S.C. Sec. 841(b)(1)(B), the guidelines provide that level 34 is the appropriate offense level for sentencing a career offender like Brooks. U.S.S.G. Sec. 4B1.1(B).[1] The initial two-level increase in the defendant's offense level from 26 to 28 as a result of the finding of obstruction of justice was, therefore, immaterial.
 
 
 4
 By designating Brooks a career offender and increasing his offense level to 34, the district court effectively rendered meaningless its initial decision to raise Brooks's offense level to 28 based upon the defendant's obstruction of justice. Because the propriety of that initial enhancement is now moot, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Even after finding that Brooks satisfied the criteria for sentencing as a career offender, the district judge awarded the defendant a three-level reduction in sentence based upon Brooks's recantation of his misstatements prior to the government's discovery of their falsity. See U.S.S.G. Sec. 3E1.1, comment. (n. 4). The court also granted the prosecution's motion under U.S.S.G. Sec. 5K1.1 for a further reduction of sentence based upon the defendant's provision of substantial assistance to the authorities in uncovering additional drug trafficking in the Memphis area